**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                 No. 97-4030

OLIVER PILGRIM HINDS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, Sr., District Judge.
(CR-96-148)

Submitted: September 25, 1997

Decided: October 15, 1997

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter L. Jones, CLIFFORD, CLENDENIN, O'HALE & JONES,
Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr.,
United States Attorney, Sandra J. Hairston, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Oliver Pilgrim Hinds appeals his conviction for a violation of 18 U.S.C.A. § 844(i) (West 1976 & Supp. 1997). Hinds and an accomplice set fire to and destroyed the Pleasant Ridge United Church of Christ in Greensboro, North Carolina. After waiving a jury trial, Hinds stipulated that all elements of the offense were proven with the exception of the church's effect on interstate commerce. After hearing evidence on the issue, the district court denied Hinds' motion to dismiss and entered a verdict of guilty. Hinds appeals, arguing once again that the Government failed to prove that the church affected interstate commerce. Hinds also suggests on appeal that the application of 18 U.S.C. § 844(i) to the destruction of a church violates the First Amendment. Because we find no merit to either of Hinds' contentions, we affirm.

To maintain its prosecution against under 18 U.S.C. § 844(i), the government was required to prove that Hinds: (1) maliciously; (2) damaged or destroyed a building or other real property; (3) by use of fire or explosives; and (4) the building was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce. See United States v. Gullett, 75 F.3d 941, 947 (4th Cir.), cert. denied, 65 U.S.L.W. 3259 (U.S., Oct. 7, 1996) (No. 95-9274). Hinds contests only the last element of the Government's case. He contends that in the wake of United States v. Lopez, 514 U.S. 549 (1995), the Government was required to provide evidence that the church "substantially affect[ed]" interstate commerce rather than merely affected commerce. Id. at 559.

Hinds' argument relies on a mistaken interpretation of the central thrust of Lopez. In determining whether the activity regulated by 18 U.S.C.A. § 922(q) (West 1976 & Supp. 1997),"substantially affected" interstate commerce, the Supreme Court was concerned with Congress's power to enact legislation concerning the possession of firearms near schools, not the elements of a successful prosecution under the statute. The requirement that an activity"substantially affect[ ]" interstate commerce concerns the extent of Congress's

2

Commerce Clause power and the validity of the statute, not the Government's burden in proving its case.

Unlike the statute at issue in Lopez, § 844(i) contains the requisite jurisdictional element because it applies only to crimes against property "used in . . . or affecting interstate or foreign commerce." 18 U.S.C. § 844(i). In this case, we have no difficulty finding that the Government proved the church Hinds destroyed was"used in . . . or affect[ed] interstate or foreign commerce." Considering the evidence in a light most favorable to the verdict, the evidence was sufficient for a rational finder of fact to have found that final element beyond a reasonable doubt. See United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); see also Glasser v. United States , 315 U.S. 60, 80 (1942). The church was a member of a national organization of churches to which it annually transmitted funds raised from its members and other sources. Those funds are further disseminated by the national organization in the form of aid to missionary work, seminaries, institutions of higher education and other programs. Additionally, the church had a full-time employee and two part-time employees. The full-time employee received a benefits package which included insurance procured through companies outside of North Carolina. In sum, the day-to-day operations of the church including the purchase and use of utilities, insurance, various religious materials and numerous other goods and services, affected interstate commerce to the degree necessary to support Hinds' conviction. See United States v. Ramey, 24 F.3d 602, 607 (4th Cir. 1994). We find no merit to Hinds' first contention.

Hinds also suggests that his prosecution somehow offended the First Amendment's guarantee of a separation between church and state. To the extent that Hinds' argument can be coherently distilled, he contends that if a church can affect interstate commerce, then it can be regulated, and government regulation of churches would violate the Establishment Clause of the First Amendment. See Lemon v. Kurtzman, 403 U.S. 602, 614-15 (1962). Because the Government's prosecution of Hinds under a facially neutral statute applied in a neutral manner does not present the difficulties that might arise if Congress were to attempt to exercise Commerce Clause power over religious institutions, we decline to find that this conviction offended the First Amendment's protection of religious freedom.

3

Finding no merit to either of Hinds' contentions on appeal, we affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4